UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOLIE BAILON,<br><br>  Plaintiff,<br><br>v.<br><br>POLLEN PRESENTS and SCOOTER BRAUN PROJECTS LLC,<br><br>  Defendants. | Case No. 2:23-cv-01742-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 99 |

Pending before the Court is Plaintiff's Letter-Motion (i) addressing Plaintiff's efforts to serve Pollen Presents, and (ii) expressing a desire to (a) amend Plaintiff's currently filed Fourth Amended Complaint (ECF No. 56) to name Justin Bieber and Wynn Hotel as parties, and (b) dismiss Scooter Braun as a defendant in this action. ECF No. 99. Plaintiff says she cannot serve Pollen Presents because the company is permanently closed. *Id*. Plaintiff further states that previous attempt to name Justin Bieber and Wynn Hotel failed because the Complaint was filed in the wrong jurisdiction. *Id*.

On September 13, 2023, District Judge Katherine Polk Failla, presiding in the U.S. District Court for the Southern District of New York, entered a 33 page order holding:

> Wynn's and Bieber's motions to dismiss are GRANTED. Plaintiff's claims against Wynn are DISMISSED without prejudice, due to the Court's lack of personal jurisdiction. Plaintiff's Lanham Act and Clayton Act claims against Bieber are DISMISSED with prejudice. The remainder of Plaintiff's state claims against Bieber are DISMISED without prejudice, due to the Court's finding of no basis for diversity jurisdiction and declination to exercise supplemental jurisdiction.

ECF No. 76 at 32 (addressing Plaintiff's Fourth Amended Complaint). On that same date, Judge Failla entered a second order requiring Plaintiff to "reattempt service on Pollen Presents and Braun within 30 days from the date of … [the] Order." ECF No. 77. Judge Failla made clear that "[s]hould Plaintiff fail to effect service on Pollen Presents and Braun, Plaintiff … [had to] provide the Court in writing with good cause for the failure" no later than 45 days after the Order was entered. *Id*. On

October 9, 2023, Plaintiff filed three letters with the Southern District of New York requesting, *inter alia*, an extension of time to effect service and a change of venue to the District of Nevada. ECF Nos. 78, 79. 80. On October 17, 2023, Judge Failla entered an Order granting Plaintiff's request to transfer venue. ECF No. 81.

On November 17, 2023, the Honorable Gloria M. Navarro, District Judge, presiding in the U.S. District Court for the District of Nevada, entered an order stating:

> Before this Court is the … Order to Show Cause issued by the Southern District of New York (SDNY) on September 13, 2023 ordering Plaintiff to serve Defendants Pollen Presents and Scooter Braun Projects LLC within 30 days from the date of that Order. The deadline has passed, and Plaintiff has not yet served Defendants, nor provided the Court with good cause for the failure. Because the transfer of this case to the District of Nevada may have caused confusion as to whether the Order issued by SDNY was still in effect, **IT IS HEREBY ORDERED** that Plaintiff is required to properly serve Defendants or show cause by December 8, 2023, why the Court should not dismiss this action for failure to serve Defendants Pollen Presents or Scooter Braun Projects LLC. Failure to comply with this Order will result in dismissal of this action.

ECF No. 88. On December 8, 2023, Plaintiff filed her response (ECF No. 89) resulting in the following Order on December 14, 2023:

> Before the Court is Plaintiff Jolie Bailon's Response to the Order to Show Cause. Plaintiff has not yet served Defendants Pollen Presents and Scooter Braun Projects LLC. For good cause appearing, **IT IS HEREBY ORDERED** that Plaintiff shall have until January 13, 2024, to properly serve Defendants Pollen Presents and Scooter Braun Projects LLC. No more extensions will be given, and failure to timely serve these Defendants will result in the case being dismissed without prejudice.

ECF No. 92.

In the meantime, Plaintiff filed a Motion seeking permission to file another amended complaint. ECF No. 90. That Motion failed to attach a copy of what would be Plaintiff's proposed fifth amended complaint as required by United States District Court for the District of Nevada Local Rule 15-1(a). The Court recommended denying Plaintiff's Motion because of this failure and because Plaintiff "has had enumerable opportunities to amend." ECF No. 100 *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Despite the above history and lengthy explanation regarding jurisdiction provided to Plaintiff on September 13, 2023, Plaintiff's instant Motion again expresses a desire to amend the Fourth Amended Complaint to rename Justin Bieber and the Wynn Hotel as defendants. ECF No. 99. Plaintiff fails to attach what would be a fifth amended complaint (and sixth attempt to plead viable claims) to the Motion, fails to indicate what claims Plaintiff seeks to allege, and fails to address on what basis federal jurisdiction could be established.

The authority to deny a motion to amend is particularly broad when a plaintiff has had multiple prior opportunities to do so. *Chodos v. West Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir. 2002); *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 879 (9th Cir. 1999) (when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is "particularly broad."). There is no doubt that Plaintiff has had multiple opportunities to amend her Complaint and has, in fact, done so numerous times. ECF Nos. 12, 19, 20, 26, 27, 56, and unnumbered Minute Entry on December 21, 2022. There is no doubt Plaintiff has not stated a claim that can proceed in federal court since the inception of this case on July 15, 2022. ECF No. 1.

Based on the foregoing and the history of this case, the Court RECOMMENDS Plaintiff's Request for Leave to Amend (ECF No. 99) be DENIED with prejudice.

The Court further RECOMMENDS that this case be dismissed without prejudice such that if Plaintiff has state common law claims that she believes are viable, Plaintiff may raise those claims in a complaint before the Eighth Judicial District Court for Clark County, Nevada.

Dated this 18th day of January, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file

1  objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also
2  held that (1) failure to file objections within the specified time and (2) failure to properly address
3  and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
4  factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.
5  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).